EDITH H. JONES, Chief Judge,
concurring:
Although it is unusual, I feel obliged to clarify a couple of points because of Judge Dennis’s concurrence and to add one overarching comment.
Judge Dennis suggests that the majority opinion does not “categorically prohibit” district courts from comparing the fees of
defense counsel and prevailing plaintiffs’ counsel when statutory fee shifting occurs. The language may not be “categorical,” but it certainly disfavors inquiries on the precise “comparability” of plaintiffs’ and defense counsel’s fees such as the plaintiffs sought here. Because neither Judge Dennis nor the plaintiffs cite any authority besides dicta in Perdue supporting the inapt comparison, and such comparisons are bound to distract district courts from the basic question of the reasonableness of the plaintiffs’ fees, questions of comparability “layer needless complexity” in an area where the law is practical and clear.
Judge Dennis also suggests that the majority does not approve the trial court’s characterization of the Goldstein Demchak firm’s services as those of second-chair counsel. Of course we did. This opinion finds error in two of the three relevant findings by the district court, but we do not criticize its third finding, that “Gold-stein Demchak attorneys performed second-chair trial duties.... ” Moreover, we note that because the district court “carefully tailored the award, adjusting it, inter alia, for the second-chair role played by the firm,” it may have to reconsider all aspects of the fee award. No clear error was shown in this finding by the district court, which reviewed the previous proceedings thoroughly. This finding by the district court is not reversed, and it may become relevant on remand.
It cannot escape the reader’s attention that the Goldstein Demchak firm has been authorized to receive several million dollars in fees, and a million dollars in expenses, for prevailing in this protracted case. But to them, that’s not enough, and they seek an hourly increase that will add $3 million more to their award. If that happens, the attorneys will have received *388 nearly double the dollar award of the plaintiffs. What has fee shifting come to? This is not an appeal about incentivizing modestly compensated attorneys for pursuing noble goals: the $400 hourly rate awarded to Mr. Garrigan is hardly a day laborer’s fee. This appeal is designed simply to enrich, not to enhance or encourage. The Supreme Court holds that fee-shifting cannot bring a windfall to attorneys. See Rivera, supra. On remand, the district court should exercise its discretion within the parameters we have set out to prevent a windfall recovery. See Hensley, supra.